**In the United States District Court
for the Northern District of Illinois
Eastern Division**

| | |
|---|---|
| Kuiper Ventures LLC, | |
| Plaintiff, | Case No. 25-cv- |
| v. | **JURY TRIAL DEMANDED** |
| The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A, | |
| Defendants | |

**VERIFIED COMPLAINT**

Plaintiff, Kuiper Ventures LLC, by and through its counsel, brings this action against the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A (collectively, the "Defendants") as follows:

**Nature and Statement of the Case**

1. This is a design patent and trademark counterfeiting case. Plaintiff took the time, pre-filing, to thoroughly investigate the bases for jurisdiction and joinder, which are well documented. U.S. based infringers are not being sued. All Defendants have been confirmed to be in ██████. And, as explained below, there are sufficient facts to support joinder of the limited number of Defendants in this action. Other suits will include appropriately joined defendants or, if no joinder is appropriate, individual defendants.

2. Plaintiff was forced to file this case (and others) after unsuccessfully attempting to combat infringement on platforms hosting infringers, to prevent ecommerce operators who infringe on its patented invention from selling and offering for sale

1

infringing products. Taking advantage of relative anonymity on the internet, prevalence of ecommerce platforms, international borders, and well-developed logistics and delivery systems, the Defendants are able to infringe Plaintiff's patent rights with abandon. And they are costing Plaintiff hundreds of thousands of dollars in lost revenue.

3.      Plaintiff is forced to file this action to combat Defendants' infringing of its patented invention, as well as to protect consumers from purchasing Unauthorized Products over the internet. Plaintiff has been, and continues to be, irreparably damaged through loss of market share and erosion of Plaintiff's patent rights because of Defendants' actions and therefore seeks injunctive and monetary relief.

## Jurisdiction and Venue

4.      This Court has original subject-matter jurisdiction over Plaintiff's claims under the Patent Act, 35 U.S.C. § 1 et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

5.      Venue is proper in this Court under to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants. Defendants have structured their business and activities to target U.S. consumers, including those in Illinois, through fully interactive ecommerce stores operating under the aliases identified on Schedule A.

6.      To comport with Rule of Civil Procedure 8, Plaintiff will be brief and make a plain statement of grounds for jurisdiction, without lengthy exposition on the prevalence of intellectual property infringement and supposed behaviors of sellers on platforms common in Schedule A complaints. The Court is well aware of Schedule A litigation Plaintiff's thorough pre-filing investigation shows jurisdiction and venue are appropriate.

7.      Specifically, the Defendants have targeted sales to Illinois residents by setting up stores on Temu that target U.S. Consumers, offer shipping into the U.S. and into Illinois, accepting payments in U.S. dollars, and accepting orders for infringing products to be shipped into this District, and more specifically, Chicago, Illinois.

## Parties

8.      Plaintiff, Kuiper Ventures LLC, is a Wyoming limited liability company.

9.      Plaintiff is the assignee of all right, title and interest in U.S. Patent No. ███ ███████ (the "Patent"). Exhibit 1.

10.     The Patent was valid and enforceable at all times relevant to this action.

11.     The Patent is entitled to a presumption of validity under 35 U.S.C. § 282.

12.     The Patent protects the ornamental features and visual appearance of a travel blanket pouch which Plaintiff offers for sale through online stores.

13.     Plaintiff also owns a registration for the trademark ████ covering inflight sleeping care kits primarily comprising travel blankets and also containing a pillow (the "LOGO MARK")

14.     The USPTO assigned the LOGO MARK a registration, number ████████. Exhibit 2.

15.     Plaintiff has not licensed or authorized Defendants to use the designs protected by the Patent.

16.     Plaintiff has not licensed or authorized any Defendant to use the LOGO MARK.

17.     Defendants are operating ecommerce stores, as further described on Schedule A.

18.     While Plaintiff's pre-filing investigations provided the seller aliases, purported business names, and purported business address in ▮▮▮▮.

19.     That said, some claim that platforms, like those involved here, do not adequately subject new sellers to verification and confirmation of their identities. *See* Chow, D., *Alibaba, Amazon, and Counterfeiting in the Age of the Internet,* 40 NW. J. INT'L L. & BUS. 157, 186 (2020).

20.      As that may be the case, should Defendants provide additional credible information regarding their identities or locations, Plaintiff is committed to take appropriate steps to amend the Complaint as is appropriate.

21.     Further, Plaintiff did not immediately rush to this Court to resolve its concerns. As part of Plaintiff's pre-filing efforts, Plaintiff submitted numerous reports to the platforms hosting the ecommerce stores to no avail.

22.     As such, Defendants' conduct along with the platform's inaction have forced Plaintiff to bring this suit to protect its rights.

23.     Moreover, Defendants often communicate with each other through QQ.com chat rooms and use websites to evade detection by intellectual property owners and to stymie intellectual property enforcement efforts.

24.     Part of that includes tipping off other ecommerce store operators of new intellectual property lawsuits to allow infringers, like Defendants, to cut and run: ceasing infringing conduct, liquidate financial accounts, and otherwise render enforcement efforts impotent.

### Defendants' Conduct

25.     The success of Plaintiff's product, protected by the Patent, has resulted in significant infringement of that Patent.

4

26.     The infringement occurs on ecommerce platforms.

27.     This undercuts Plaintiff's sales, who also offers its authorized product on ecommerce platforms, such as ▮▮▮▮▮▮.

28.     As a result, Plaintiff has initiated an anti-infringement program that involves thorough investigation of sellers on ecommerce platforms offering infringing products. Here, the platform(s) in question is ▮▮▮▮.

29.     Exhibit 3 shows the active ecommerce stores operated by the Defendants and various screenshots of listings.

30.     The Defendants target consumers in this District and throughout the U.S.

31.     As shown in Exhibit 3, the Defendant offers the infringing product for sale, in U.S.

32.     Not only that, but the Defendants also offered to ship an infringing product into Chicago, Illinois. Exhibit 3.

33.     Upon information and belief, Defendants have completed sales to ship at least one infringing product into Chicago.

34.     Defendants are, without license from Plaintiff, applying the patented design appearing in the Patent or colorable imitations of it, to articles of manufacture for the purpose of sale.

35.     Alternatively, Defendants are, without license from Plaintiff, exposing for sale articles of manufacture to which the patented design appearing in the Patent or colorable imitations of it have been applied.

36.     Ultimately, Defendants are selling, offering to sell, importing, or some combination of the same, products that infringe the Patent into the U.S. and into this District.

## Joinder

37.     Joinder of the Defendants in Schedule A is proper here.

38.     First, this is a Lanham Act case, as well as a Patent Act case.

39.     Defendants are alleged to have infringed the ▮▮▮▮ mark and, as explained further below, their activities are coordinated.

40.     As such, joinder is appropriate under the Lanham Act.

41.     Defendants are infringing by selling the same or similar infringing products.

42.     Defendants are infringing through the same limited number of online platforms, using the same or similar listing layouts and copy using the same or similar images (many of which are derived from Plaintiff's advertising).

43.     These facts alone, however, may be inadequate for joinder under the Patent Act.

44.     Even so, the Defendants and their conduct are more closely related, here.

45.     Before filing this and other suits, Plaintiff undertook a thorough investigation, reviewing ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮.

46.     Based on the research above, Plaintiff has come to understand ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

47.     Based on the research above, Plaintiff has come to understand ████████
███████████████████████████████████████████████ .

48.     These Defendants are infringing not only the same design patent, but the same mark as well.

49.     While one of these facts might be insufficient to join this group of Defendants, the totality of these facts demonstrates the legal requirements of joinder under the Patent Act are met here, as well as under the Lanham Act.

**Count I**
**Infringement of U.S. Design Patent**
**(35 U.S.C. § 271)**

50.     Plaintiff reasserts and incorporates the above paragraphs as if fully set forth here.

51.     Defendants are making, using, offering for sale, selling, importing into the U.S., or some combination of the same products that infringe directly the design claimed in the Patent.

52.     The products offered by Defendants, shown in Exhibit 3, compared against the design protected by the Patent, are substantially the same and ordinary observers would be deceived into purchasing products believing them to be those of the patented design.

53.     Defendants have profited from their infringement of the Patent and Plaintiff has suffered actual harm as a result of the infringement.

54.     Plaintiff is entitled to recover damages adequately compensating for the infringement, including, but not limited to, Defendants' profits, $250, or a reasonable royalty, whichever is greater. *See* 35 U.S.C. § 289.

55.     Defendants conduct has been, is, and continues to be willful. So, Plaintiff is entitled to treble damages. 35 U.S.C. § 284.

56.     Moreover, these same facts show this case is an exceptional case and Plaintiff is entitled to an award of reasonable attorneys' fees. 35 U.S.C. § 285.

57.     Defendants have infringed the Patent through these acts and will continue to do so unless enjoined by this Court.

58.     Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its patent rights: the utter denial of the rights to exclude others from making, using, selling, offering for sale, and importing what is protected by the Patent.

59.     Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

**Count II**
**Trademark Infringing/Counterfeiting**
**(15 U.S.C. § 1114(1))**

60.     Plaintiff reasserts and incorporates the paragraphs appearing before Count I and in Counts II and III as if fully set forth here.

61.     Plaintiff owns a trademark registration for ██████ .

*Defendant*

62.     Defendant 2's products employ marks confusingly similar to the ██████ mark on goods identical to those covered by the mark. *See*



| **Registered Mark**: | **Infringing mark** |
| --- | --- |
| ██████████ | ██████████ |

63.     Defendant 2 is infringing Plaintiff's registered ███ mark.

64.     Plaintiff did not authorize Defendant 2 to use ███ or any mark similar to the same.

65.     Defendant 2 is offering products with the same or a confusingly similar imitation of ███ on the same type of goods as covered by ███

66.     In doing so, this will cause consumer confusion, mistake, or deceive others into the impression that the goods offered by Defendant are manufactured by, distributed by, approved by, endorsed by, approved by, are associated with, or connected with Plaintiff.

67.     This is causing, and unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of trade and members of the public.

68.     Additionally, this is causing, and unless enjoined by this Court, will cause injury to Plaintiff's goodwill and reputation as symbolized and embodied by the ███.

*Defendant 1's Counterfeiting*

69.     Defendant 1 is using a mark identical to Plaintiff's ███ mark.

70.     Defendant 1 is marking its goods with the following mark:

71.     Defendant 1 is using an identical mark on identical goods.

9

72.     This use of a sham, spurious mark is an intentional, willful, and malicious intent

to trade on the goodwill associated with the ███ mark to Plaintiff's large and

irreparable harm.

73.     Defendant 1 is causing and is likely to continue causing substantial injury to the

public and to Plaintiff.

74.     Plaintiff is entitled to injunctive relief and to recover Defendant 1's profits, actual

damages, enhanced profits and damages, statutory damages between $1,000 and

$2,000,000, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

75.     In both of the foregoing two instances, Plaintiff has no adequate remedy at law.

76.     This use of confusingly similar marks and counterfeit marks is an intentional,

willful, and malicious intent to trade on the goodwill associated with ███ o

Plaintiff's large and irreparable harm.

77.     Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual

damages, enhanced profits and damages, statutory damages between $1,000 and

$2,000,000, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

**Count III**
**Unfair Competition**
**(15 U.S.C. § 1125)**

78.     Plaintiff reasserts and incorporates the paragraphs appearing above as if fully set

forth here.

79.     Defendants are using a confusingly similar imitation of the ██████ mark on its

goods that are of the same type covered by the ████ mark.

80.     Plaintiff did not authorize Defendants to use the ████ mark or any mark
similar to the same.

81.     These actions have caused and are likely to continue causing confusion,
deception, and mistake by creating the false and misleading impression that its goods
are manufactured or distributed by Plaintiff, or are affiliated, connected, or associated
with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

82.     Defendants have made false representations, false descriptions, and false
designations of, on, or in connection with its goods in violation of 15 U.S.C. § 1125(a).

83.     Defendant's activities have caused and, unless enjoined by this Court, will
continue to cause a likelihood of confusion and deception of members of the trade and
public, and, additionally, injury to Plaintiff goodwill and reputation as embodied by the

████     mark, or which Plaintiff has no adequate remedy at law.

84.     Defendants' actions demonstrate an intentional, willful, and malicious intent to

trade on the goodwill associated with the ████ mark, to Plaintiff's large and
irreparable harm.

85.     Defendants are causing and is likely to continue causing substantial injury to the
public and to Plaintiff.

86.     Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## Prayer for Relief

For the foregoing reasons, Plaintiff prays for judgment against the Defendants as follows:

A.     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

        i. using the design protected by the Patent or any reproductions, infringing copies, or colorable imitations of the same in any manner to sell, offer for sale, import, make, distribute, market, or advertise any products that are not licensed or authorized by Plaintiff;

        ii. using the design protected by the LOGO MARK or any confusingly similar marks in any manner to sell, offer for sale, import, make, distribute, market, or advertise any products that are not licensed or authorized by Plaintiff;

        iii. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patent;

        iv. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the LOGO MARK;

        v. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for

Plaintiff or under its authorization, to be sold or offered for sale which bear or utilized the design protected by the Patent, including infringing copies and colorable imitations of the same;

vi. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff or under its authorization, to be sold or offered for sale which bear, utilize, or are marketed using the LOGO MARK or confusingly similar marks;

vii. operating, hosting, or both, websites or ecommerce stores that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product infringing the Patent or any infringing copy or colorable imitation of the same that is not authorized by Plaintiff;

viii. operating, hosting, or both, websites or ecommerce stores that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product infringing the LOGO MARK or comprising a counterfeit of the LOGO MARK;

B. That Defendants be, within 14 days of service of any judgment entered against them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth the means by which they complied with ¶ A, above.

C. Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as Amazon and Temu, shall disable and cease displaying any

13

advertisements used by or associated with Defendants in connection with the sale of goods that infringe Plaintiff's Patent, Plaintiff's LOGO MARK, or using counterfeits of those two marks, and take all steps necessary to prevent links to Defendant's ecommerce stores or pages offering products infringing the Patent, the, the LOGO MARK, or using counterfeits of those two marks to be removed from any search index.

D. That Judgment be entered against Defendants finding that they have infringed on the Patent.

E. That Judgment be entered against Defendants finding that they have infringed on the LOGO MARK.

F. That Judgment be entered against Defendants finding that they engaged in counterfeiting.

G. That Judgment be entered against Defendants finding that their infringements and counterfeiting of the Patent and trademarks in question was willful.

H. That Plaintiff be awarded damages in an amount to be proven at trial, in no event less than Defendants' profits, a reasonable royalty, or $250, whichever is greater, as for Patent infringement together with interests and costs.

I. That Plaintiff be awarded damages in an amount to be proven at trial, in no event less than Defendants' profits or Plaintiff's damages whichever is greater, as for trademark infringement together with interests and costs.

J. That Plaintiff be awarded damages in an amount to be proven at trial, in no event less than Defendants' profits, statutory damages of $2,000,000, or Plaintiff's damages whichever is greater, as for counterfeiting together with interests and costs.

K.  That Plaintiff be awarded treble damages for Defendants' willful infringement of these intellectual property rights.

L.  That a finding is made that this case is exceptional under 35 U.S.C. § 285.

M.  That a finding is made that this case is exceptional under 15 U.S.C. § 1117.

N.  That a finding is made that Plaintiff be awarded its reasonable attorneys' fees and costs.

O.  That the Court award any and all other relief it deems appropriate.

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
Kuiper Ventures LLC, by

s/ Jonathan L.A. Phillips
Jonathan L.A. Phillips (IL6302752)
**Phillips & Bathke, P.C.**
300 Northeast Perry Avenue
Peoria, Illinois 61603
(309) 834-2296
jlap@pb-iplaw.com

**Verification**

Undersigned certifies and states as follows:

1.  My name is Nathan Jermolenko. I am over 18 years old and am the managing member of Kuiper Ventures LLC. I am otherwise competent to make this declaration.

2.  I have read the Verified Complaint above and, based on my personal knowledge and the information from the investigation I undertook, set forth above, the factual allegations contained in the Verified Complaint are true or believed to be true.

3.  If called to testify to the foregoing, I would truthfully and competently testify to the same.

4.  I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:   11/25/2025

_____

Nathan Jermolenko